UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK JOHNSON,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>　　　　　　　　　　　Respondent. | Case No.: 15cv1559-BAS-PCL<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE RE: PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1]** |

### **I. INTRODUCTION**

Frank Johnson ("Petitioner"), a prisoner in state custody proceeding *pro se* and *in forma pauperis*, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 13, 2015, challenging a prison disciplinary decision. (Doc. 1.) On November 20, 2015, Raymond Madden, acting Warden of Centinela State Prison, ("Respondent") filed an answer to the petition. (Doc. 9.)

The Honorable Cynthia Bashant referred the matter to the undersigned Judge for Report and Recommendation pursuant to 28 U.S.C. 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(d). This Court has reviewed the Petition, Respondent's Answer, and all supporting documents, and finds that Petitioner has failed to demonstrate that the state

court decision was an objectively unreasonable determination of facts and therefore does not satisfy 28 U.S.C. § 2254. After a thorough review of the pleadings, this Court recommends that the Petition be **DENIED**.

## II. PROCEDURAL BACKGROUND

Petitioner was convicted of voluntary manslaughter on January 10, 2005, and was sentenced to serve a twenty-one year sentence in Centinela State Prison ("Centinela"). (Doc. 1 at 1-2.) While in custody, Petitioner received a rules violation report for a March 23, 2013 incident, alleging a violation of 15 C.C.R. § 3016(a), which states in relevant part that "inmates shall not…possess…or have in their control…alcohol." (Doc. 10-1 at 2.) The rules violation report asserted that correctional officers found inmate manufactured alcohol in cell A3-145, the jointly shared cell of Petitioner and his cellmate, Morgan. (Doc. 10-1 at 1.)

Petitioner appeared at an institutional disciplinary adjudication on April 6, 2013. (Doc. 10-2 at 19.) Petitioner was found guilty of possession of inmate manufactured alcohol, and was assessed a 120-day forfeiture of good time credits. (Id.) The Senior Hearing Officer's report was reviewed by Respondent on May 6, 2013, and Petitioner was issued a copy of the final disposition on May 7, 2013. (Id.)

Petitioner filed a Second Level Appeal with the prison on May 14, 2013, which was granted in part on June 21, 2013. (Id. at 20.) Subsequently, a Modification Order instructed the Conduct and Discipline Office to reissue and rehear the rule violation. (Id. at 20.) After the matter was reheard on July 5, 2013, Petitioner was found guilty of possession of inmate manufactured alcohol in violation of prison rules. (Id. at 31.) Petitioner appealed the Second Level Decision on August 26, 2013, which was denied on December 20, 2013, at the Third Level of Review. (Id.)

///
///
///
///

On March 21, 2014, Petitioner filed a petition for a writ of habeas corpus with the Superior Court of Imperial County, which was denied on March 28, 2014. (Doc. 10-3 at 3.) On May 5, 2013, Petitioner appealed the judgment to the San Diego Fourth Appellate District Court, which affirmed the Superior Court's judgment on June 5, 2014. (Doc. 10-4 at 2; Doc. 10-5 at 2.) Petitioner appealed to the California Supreme Court, which was denied on October 22, 2014. (Doc. 10-7 at 2.)

Petitioner filed this petition for writ of habeas corpus on July 13, 2015. (Doc. 1.) The only ground Petitioner raises is that the institutional disciplinary decision violated his due process rights by finding him guilty without presenting evidence to support the conviction. (Doc. 1 at 6.) Petitioner argues that the state-court decision upholding the prison's disciplinary decision was unreasonable because it was based on an unreasonable determination of the facts in light of the evidence presented. (Id.) On November 20, 2015, Respondent filed an Answer, arguing that the state courts properly denied Petitioner's claims. (Doc. 9.)

### III. FACTUAL BACKGROUND

The following is background for the underlying conviction, as summarized by the state appellate court:

> Petitioner Frank Johnson is currently incarcerated in Centinela State Prison. In March 2013, a correctional officer discovered inmate-manufactured alcohol in Johnson's cell. The officer issued a rules violation report charging Johnson with possession of inmate manufactured alcohol. The hearing officer found Johnson guilty and assessed a forfeiture of credits and other penalties. Johnson filed an administrative appeal and sought habeas relief in superior court without success.
>
> Johnson contends the evidence does not support a finding of guilt because the alcohol belonged to his cellmate and he did not know that it was in his cell. He also contends that if the prison officials had properly searched the cell as required before he moved in, they would have discovered the alcohol at that time.
>
> The Legislature has given the Department of Corrections and Rehabilitations broad authority to discipline persons confined in state prisons. Pen. Code, § 5054. Generally, prison discipline falls within the expected parameters of the sentence imposed by the court of law and does not implicate the due process clause or create a right to judicial review. Sandin v. Conner, 515 U.S. 472, 482-83 (1995). Prison disciplinary findings must be supported by "some evidence." In re Rothwell, 164

Cal.App.4th 160, 165 (2008)(citing Superintendent v. Hill, 472 U.S. 445, 455 (1985).). The relevant question is whether there is any evidence in the record that could support the conclusion reached by the prison authorities. (Superintendent, *supra*, at 455-56.)

Here, the correctional officer stated that he searched the cell because he smelled "a strong, pungent odor." Although his cellmate ultimately confessed the alcohol was his, the alcohol was found in a common area of the cell where Johnson could access it.

Although Johnson contends that the prison officials failed to search the cell before he moved in, he provides no evidence to support his claim that they did not search the cell or that the alcohol was in the cell at that time. Regardless, any alleged error by the officials does not negate Johnson's duty to follow prison regulations and report any contraband in his cell.

(Doc. 10-5 at 2-3.)

## IV. DISCUSSION

Petitioner alleges that the prison disciplinary adjudication constituted a deprivation of Petitioner's due process rights. (Doc. 1 at 6.) Petitioner argues that the conviction was based on an unreasonable determination of the facts in light of the evidence presented and that the state court's decision upholding that decision is unreasonable. (Id.) To substantiate that claim, Petitioner references 15 C.C.R. § 3022, and the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254.

At the discipline hearing Petitioner pled not guilty, and maintains that because his cellmate claimed ownership of the inmate manufactured alcohol, Petitioner is innocent. (Id. at 19.) Petitioner argues that being held responsible for contraband found in the common area of a shared cell and being punished for failing to report that contraband to the Housing Unit Officer deprived Petitioner of his due process rights. (Id. at 3, 6, and 19.) The relief sought by Petitioner includes: overturning the conviction, reinstating the forfeited credits, and a new hearing.

Petitioner's grounds for relief were properly presented for review in the state courts and Petitioner's claim has been properly exhausted.

### A. The Anti-Terrorism and Effective Death Penalty Act

1    The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 governs the Court's deferential standard by restricting the power of federal courts to grant writs of habeas corpus to state prisoners. 28 U.S.C. § 2254; <u>Williams v. Taylor</u>, 529 U.S. 362, 399 (2000). Under the AEDPA, federal courts are prohibited from granting a petition, unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established federal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1), (2); <u>Williams</u>, 529 at 404-05. In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinary deferential review, inquiring only whether the state court's decision was objectively unreasonable under Supreme Court precedent. See <u>Yarborough v. Gentry</u>, 540 U.S. 1, 4 (2003); <u>Medina v. Hornung</u>, 386 F.3d 872, 877 (9th Cir. 2004).

Under 28 U.S.C. § 2254(e)(1), federal courts must give great deference to the state court's factual finding, while the petitioner bears the burden of rebutting the state's presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); <u>Woodford v. Viscotti</u>, 537 U.S. 19, 24 (2002). As in this case, "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the claim rest on the same grounds." See <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).

The United States Supreme Court has held that prison disciplinary action will not be disturbed so long as "some evidence" supports the action taken. 28 U.S.C. § 2254(d)(2); <u>Hill</u>, 472 U.S. at 455. The "some evidence" standard requires the court to look at whether there is any evidence in the record that could support the prison disciplinary board's findings and subsequent action. <u>Hill</u>, 472 U.S. at 455-56. The evidence supporting the action can be "meager" and "not direct," as long as the record is not "devoid of evidence" to support the decision. <u>Hill</u>, 472 U.S. at 457; see <u>In re Zepeda</u>, 141 Cal. App. 4th 1493, 1498-99.

### B. <u>Unreasonable Determination of the Facts</u>

Under 28 U.S.C. § 2254(d)(2), federal habeas relief is available only where a state court's decision was based on an unreasonable determination of the facts in light of the state court's record. A state court decision is an unreasonable determination of the facts when the state court's findings are not supported by substantial evidence in the state record, or that the fact-finding process itself was deficient in some way. 28 U.S.C. § 2254(d)(2); Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

The state court's factual findings are presumed correct and the petitioner is burdened with rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). To meet this burden, Petitioner must demonstrate that the factual findings upon which the state court's adjudication rests are objectively unreasonable to demonstrate that a state court decision is an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2); Miller-El, 537 U.S. at 340. A state court decision is only considered objectively unreasonable when it is "more than incorrect or erroneous." Williams, 529 U.S. at 407.

As described above, a prison disciplinary action will not be disturbed so long as "some evidence" supports the action taken. 28 U.S.C. § 2254(d)(2); Hill, 472 U.S at 455. So long as there is some evidence in the record supporting the decision, no matter how "meager" or indirect, the prison disciplinary board's findings and subsequent action will be upheld. Hill, 472 U.S. at 457; see In re Zepeda, 141 Cal. App. 4th at 1498-99.

Here, the only claim Petitioner has alleged is that the state courts' decisions denying his claims were based on an unreasonable determination of the facts in light of the evidence presented in the state proceedings. (Doc. 1 at 14.) Respondent argues that Petitioner is not entitled to federal habeas corpus relief because he fails to show that the state court decisions upholding his institutional disciplinary decision involved an unreasonable determination of the facts in his case. (Doc. 9 at 3: 19-24.)

In support of his claim, Petitioner argues that because his cellmate claimed ownership of the inmate manufactured alcohol, Petitioner should not be held accountable. (Doc. 1 at 31.) However, Petitioner was informed that prison policy mandates that inmates who share a cell are responsible for all property in the cell and each inmate is held equally

accountable. (Id.) Following that policy, the prison disciplinary board found Petitioner in violation.

The evidence presented against Petitioner demonstrates that the hearing officer based his decision on the reporting officer's eyewitness account of the discovery of the inmate manufactured alcohol in the common area of Petitioner's cell. (Doc. 10-1 at 1.) The inmate manufactured alcohol was found between the lower bunk and the toilet in plain view. (Id. at 2.) Although there was no direct evidence identifying Petitioner as the inmate who possessed the contraband, the State Appellate Court found that the location and accessibility was enough to sufficiently satisfy the "some evidence" standard. Hill, 472 U.S. at 457; see In re Zepeda, 141 Cal. App. 4th at 1498-99; (Doc. 10-5 at 3.)

Petitioner fails to present clear and convincing evidence to rebut the state's presumption of correctness under § 2254(e)(1), and instead questions the merits of the underlying disciplinary decision rather than articulating how the state courts violated AEDPA. (Doc. 1 at 14-17.) After hearing these facts, the State Appellate Court found that "any alleged error by the officials does not negate Johnson's duty to follow prison regulations and report any contraband in his cell." The State Appellate court decided that "some evidence" supported the prison disciplinary board's decision. (Doc. 10-5 at 3.)

Given the supporting evidence and the AEDPA deference state courts are afforded, Petitioner fails to demonstrate that the factual findings upon which the state court's adjudication rests is an unreasonable determination of the facts. Petitioner has not met the burden of rebutting the presumption of correctness by clear and convincing evidence, and therefore, fails to satisfy the requirements of § 2254(e)(1).

### C. Wolff Due Process

An inmate who faces the loss of a state-created liberty interest, such as good time credits, is entitled to "those minimum procedures appropriate under the Due Process Clause to insure that the state created right is not arbitrarily abrogated." Wolff v. McDonnell, 418

U.S. 539, 557 (1974). Due process requires that an inmate facing loss of credits receive (1) written notice of the charges against him at least twenty-four hours before any disciplinary action is taken; (2) a written statement setting forth the basis for the disciplinary action taken against the prisoner; and (3) the opportunity to call witnesses as long as it would not be "unduly hazardous to institutional safety or correctional goals." Id. at 563-567.

Here, Petitioner was afforded these rights; he received written notice of the charges, which include a statement detailing the basis for the disciplinary action on May 7, 2013, and was given the opportunity to call witnesses at the disciplinary hearing on April 6, 2013, which he exercised. (Doc. 1 at 19-20.) Petitioner received the process legally due to him in conjunction with the rules violations proceedings.

### D. Cognizable Federal Habeas Corpus Claim

A federal habeas corpus petition must allege a deprivation of federal rights to present a cognizable claim pursuant to § 2254. 28 U.S.C. § 2254; Estelle v. McGuire, 502 U.S. 62, 68 (1991). A state prisoner is entitled to federal habeas corpus relief only if he is held in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 68. Absent a constitutional violation, a federal court may not challenge a state court's interpretation of its laws or rules. Estelle, 502 U.S. at 68; see Wainwright v. Goode, 464 U.S. 78, 84 (1983); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985.).

It is not within the authority of a federal habeas court to review state-court determinations on state-law questions. Estelle, 502 U.S. at 68. Federal courts are only concerned with errors of state law if they rise to the level of a constitutional violation. Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989). Therefore, "a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." Estelle, 502 U.S. at 67-68.

A state law issue cannot be transformed into a federal question simply by alleging the denial of a federal right. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997). Further, the petitioner bears the burden of alleging specific facts that demonstrate that a federal right

has been violated. O'Bremski v. Mass, 915 F.2d 418, 420-21 (9th Cir. 1990). If the petitioner raises a state law issue, but no federal claim is presented, then the petition is dismissed for failure to state a claim. Id.

Here, although Petitioner filed a federal claim under 28 U.S.C. § 2254, he argues that the disciplinary board's decision violated 15 C.C.R. § 3022. (Doc. 1 at 15-16.) Petitioner argues that holding him equally responsible for his cellmate's contraband found in a shared cell violates § 3022 prohibiting one inmate from assuming control over another inmate. (Doc. 1 at 15-16.) This alleged state law issue is what Petitioner asserts is a federal due process violation. (Doc. 1 at 6.) However, as a violation of state law presented without a federal claim, this claim does not and cannot transform into a violation of federal law. Furthermore, Petitioner asks that the Court review state-court determinations on questions of state law, which is not properly within the jurisdiction of this Court.

As such, Petitioner's allegation that the disciplinary decision is improper because it violates § 3022, is not a cognizable federal habeas corpus claim.

## V. CONCLUSION

The Court submits this Report and Recommendation to the United States District Judge Cynthia Bashant under 28 U.S.C. 636(b)(1)(B) and Local Rule 72.1(c)(1)(d) of the United States District Court for the Southern District of California. For the reasons outlined above, it is hereby recommended the Court issue and Order; 1) approving and adopting this Report and Recommendation; and 2) directing that Judgment be entered denying the petition for writ of habeas corpus and dismissing this action with prejudice.

**IT IS ORDERED** that no later than August 18, 2016, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORERED** that any reply to the objections should be filed with the Court and served on all parties no later than September 1, 2016. The parties are advised that failure to file objections within the specified time may waive the right to raise those

objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated:  August 4, 2016

_____
Hon. Peter C. Lewis
United States Magistrate Judge