1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK JOHNSON,<br><br>                           Petitioner,<br><br>     v.<br><br>R. MADDEN, Warden,<br><br>                           Respondent. | Case No. 15-cv-1559-BAS(PCL)<br><br>**ORDER:**<br><br>**(1) APPROVING AND ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY; AND**<br><br>**(2) DIRECTING JUDGMENT BE ENTERED DENYING PETITIONER'S HABEAS PETITION**<br><br>**[ECF No. 11]** |

On July 13, 2015, Petitioner Frank Johnson, a state prisoner proceeding *pro se*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary decision. Thereafter, Respondent R. Madden, in his capacity as Warden, responded to the petition. On August 4, 2016, United States Magistrate Judge Peter C. Lewis issued a Report and Recommendation ("R&R") recommending that this Court deny Petitioner's habeas petition and enter judgment accordingly. Judge Lewis ordered any objections to be filed no later than August 18, 2016, and

any replies no later than September 1, 2016. To date, no objections have been filed, and neither party has requested additional time to do so.

The Court reviews *de novo* those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id.* "When no objections are filed, the de novo review is waived." *Marshall v. Astrue*, No. 08cv1735, 2010 WL 841252, at *1 (S.D. Cal. Mar. 10, 2010) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so).

In this case, the deadline for filing objections was on August 18, 2016. However, no objections have been filed, and neither party has requested additional time to do so. Consequently, the Court may adopt the R&R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121. Having nonetheless conducted a *de novo* review of the habeas petition, Respondent's response, the lodgment, and the R&R, the Court concludes that Judge Lewis' reasoning is sound. Accordingly, the Court hereby approves and **ADOPTS** the R&R in its entirety (ECF No. 11), **DENIES** Petitioner's writ of habeas corpus (ECF No. 1), and **ORDERS** the Clerk of the Court to enter judgment accordingly. *See* 28 U.S.C. § 636(b)(1).

Additionally, a certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(2). Petitioner has made no such showing. Because reasonable jurists would not find the Court's assessment of the claims debatable or wrong, the Court **DECLINES** to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

     **IT IS SO ORDERED.**

**DATED:  September 16, 2016**

Hon. Cynthia Bashant
United States District Judge